**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

vs.)  No. 20-0188 (Fayette County 19-F-80)

Jason P. Canaday,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner Jason P. Canaday, by counsel Dana F. Eddy, appeals the Circuit Court of Fayette County's February 5, 2020, sentencing and commitment order following his convictions for conspiracy to commit the felony offense of delivery and/or possession with intent to deliver heroin and the subsequently filed recidivist information. Respondent the State of West Virginia, by counsel Scott E. Johnson, filed a response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The United States Attorney's Office conducted an investigation in which wiretap surveillance was done on Greg Coleman. From that surveillance, some residents of Fayette County, including petitioner, were identified as being involved in purchasing drugs from and/or being involved in a conspiracy to sell with Mr. Coleman. Petitioner was indicted for conspiracy with Mr. Coleman to deliver one kilogram or more of heroin in violation of West Virginia Code § 60A-4-414(b). One of the telephone conversations relied upon at petitioner's trial is as follows:

> [Petitioner]: hey whatsup with ya yo?
> [Mr.] Coleman: Not much. You gonna have to – there's one thing you're gonna have to quit doing.
> [Petitioner]: what's that?
> [Mr.] Coleman: that's coming down here, getting these bags, cutting it, giving them trash because these people are coming back to my door.
> [Petitioner]: do what? (inaudible)
> [Mr.] Coleman: (Inaudible) . . . that you just gave it to em – you sold them a bunch of trash

1

[Petitioner]: Bull – uh I cut it I cut it a little bit I mean I understand that but I didn't cut it where they (inaudible)

[Mr.] Coleman: I got it right here and (inaudible) you can't, can't do nothing with it

[Petitioner]: they must've cut it more I didn't do them that bad I promise you. Well I'll quit I mean I'll stop. I'm just trying to make me something out of it

[Mr.] Coleman: yeah mean I mean

[Petitioner]: I understand, I understand (inaudible) . . . come down there I'll take care of that

[Mr.] Coleman: this is coming back to me and I don't, I don't have comebacks

[Petitioner]: That's what I mean, they shouldn't even f*cking – I always have them drop me or I walk. I don't know how the f*ck they . . . (inaudible)

[Mr.] Coleman: This the third time, this the third time buddy, it's the third time it's happened

[Petitioner]: (inaudible)

[Mr.] Coleman: You gonna have to straighten out. We not going to keep doing that

[Petitioner]: Alright I won't, I just won't I just won't do it more I'll just have them bring me (inaudible)

[Mr.] Coleman: They gonna have to pay the price, make them pay the price of it

[Petitioner]: yeah I just f*cking charge em extra

Following a jury trial, petitioner was convicted of conspiracy to commit the felony offense of delivery and/or possession with intent to deliver heroin, as a lesser included offense. The State then filed a recidivist information, under West Virginia Code § 61-11-18, alleging that petitioner had previously been convicted of breaking and entering and unlawful assault. Petitioner admitted to having one prior felony offense, and the circuit court imposed a determinate ten-year sentence for the conspiracy conviction with a five year recidivist enhancement, with the recidivist enhancement to run consecutively to the conspiracy conviction for a total sentence of fifteen years of incarceration. Petitioner appeals from that February 5, 2020, sentencing and commitment order.

At the outset, we note that

> "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syllabus Point 2, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

Syl. Pt. 1, *State v. Varlas*, 243 W. Va. 447, 844 S.E.2d 688 (2020). "Additionally, we have consistently held that '[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." *State v. Bleck*, 243 W. Va. 293, 297, 843 S.E.2d 775, 779 (2020).

On appeal, petitioner asserts two assignments of error. First, he argues that the evidence was insufficient to sustain his conviction. He contends that while the burden to prove insufficiency

of evidence is heavy, he meets that burden in this case because the prosecution's main witness, Mr. Coleman, denied the existence of the agreement necessary to establish a conspiracy. In support of this contention, petitioner notes that his trial counsel twice challenged the sufficiency of the State's evidence with motions for judgment of acquittal and argues that the circuit court erred by denying those motions. According to petitioner, the State relied heavily upon recorded telephone conversations to prove a distribution arrangement between petitioner and Mr. Coleman, which recordings were submitted in the course of Mr. Coleman's testimony. Without citing to the record or quoting any specific portion of the telephone conversations, petitioner asserts that Mr. Coleman made clear in his testimony that any inferences drawn from the conversations that petitioner was selling drugs for Mr. Coleman were erroneous.

When reviewing a claim of insufficiency of the evidence, this Court examines the evidence admitted at trial and accepts all inferences from a vantage most favorable to the prosecution.

The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). This review takes into account all of the evidence, including circumstantial evidence. "Circumstantial evidence . . . is intrinsically no different from testimonial evidence." *Id.* at 668, 461 S.E.2d at 174 (quoting *Holland v. United States*, 348 U.S. 121, 139-40, 75 S.Ct. 127, 137-38 (1954)). "Circumstantial evidence and direct evidence inherently possess the same probative value." *Guthrie*, 194 W. Va. at 669, 461 S.E.2d at 175 (quoting *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492, 502 (1991)). A criminal defendant challenging the sufficiency of the evidence on appeal has a heavy burden; he or she must prove there is *no* evidence from which the jury could find guilt beyond a reasonable doubt. *See Guthrie*, 194 W.Va. at 663, 461 S.E.2d at 169, Syl. Pt. 3. Petitioner's argument ignores the undisputed facts presented to the jury that Mr. Coleman routinely contacted petitioner when Mr. Coleman received drugs, petitioner sold drugs he obtained from Mr. Coleman, drug users contacted Mr. Coleman about petitioner cutting the drugs, and Mr. Coleman directed that petitioner stop cutting the drugs before selling them.

In addition, "'[c]redibility determinations are properly made by the trier of fact . . . who has had the opportunity to observe, first hand, the demeanor of the witness.' *Miller v. Chenoweth*, 229 W. Va. 114, 121, 727 S.E.2d 658, 665 (2012) (per curiam)." *Lister v. Ballard*, 237 W. Va. 34, 40, 784 S.E.2d 733, 739 (2016). The jury had the opportunity to observe the witnesses during their testimony and examine all of the evidence presented, both direct and circumstantial, including the recorded conversations cited by the parties. We will not substitute our judgment for the credibility determinations of the jury. Therefore, we find that petitioner has failed to meet his heavy burden to establish that the evidence was insufficient to support his convictions.

Petitioner next argues that the circuit court erred by declining to give a jury instruction

related to the "buyer-seller rule" that has been recognized by some federal and state courts. As explained by the Fifth Circuit Court of Appeals,

> [t]he buyer-seller exception prevents a single buy-sell agreement, which is necessarily reached in every commercial drug transaction, from automatically becoming a conspiracy to distribute drugs. The rule shields mere acquirers and street-level users, who would otherwise be guilty of conspiracy to distribute, from the more severe penalties reserved for distributers. *See United States v. Parker,* 554 F.3d 230, 235–36 (2d Cir.2009). Thus, "[w]hile it is true that a buyer-seller relationship, *without more,* will not prove a conspiracy, . . . [o]ne becomes a member of a drug conspiracy if he *knowingly participates in a plan to distribute drugs,* whether by buying, selling or otherwise." *United States v. Maseratti,* 1 F.3d 330, 336 (5th Cir.1993) (emphasis added).

*United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc); *see also United States v. Potter*, 927 F.3d 446 (6th Cir. 2019); *U.S. v. Pulgar*, 789 F.3d 807 (7th Cir. 2015); *People v. Lucero*, 381 P.3d 436 (Colo. App. 2016).

"We review a circuit court's refusal to deliver a requested jury instruction for an abuse of discretion." *Wal-Mart Stores East, L.P. v. Ankrom*, ___ W. Va. ___, 854 S.E.2d 257, 273 (2020). Further,

> "[a] trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense." Syllabus Point 11, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994).

*Ankrom*, ___ W. Va. __, 854 S.E. 2d at 262, Syl. Pt. 11. We note that petitioner does not raise issue with any other jury instruction requested or given during this trial. Here, petitioner cannot establish that the circuit court abused its discretion because neither this Court nor the Legislature has adopted the buyer-seller rule. Accordingly, the circuit court did not err in refusing to give an instruction consistent with that rule. For these reasons, we find that petitioner is not entitled to relief from his convictions or the sentence imposed.

Affirmed.

**ISSUED:** June 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton


Wooton, Justice, dissenting, and joined by Justice Hutchison:

I respectfully dissent. I would have put this case on the Rule 20 docket in order to decide an issue of first impression: whether the defendant was entitled to a "buyer-seller" instruction, which some jurisdictions have sanctioned in a case "where the jury could rationally find, from the evidence presented, that the defendant merely bought or sold drugs but did not engage in a conspiracy." *U.S. v. Cruise*, 805 F.3d 795, 814 (2015). An issue of this magnitude requires full briefing and argument, the issuance of a signed opinion, and a new syllabus point or points. *See*, *e.g.*, *State ex rel. Med. Assurance of W. Va., Inc. v. Recht*, 213 W. Va. 457, 471, 583 S.E.2d 80, 94 (2003) ("[n]ew points of law will be articulated through syllabus points as required by our state constitution.") (citing Syl. Pt. 2, in part, *Walker v. Doe*, 210 W. Va. 490, 558 S.E.2d 290 (2001)).

It is not enough to say, as the Court does here, that the lower court's refusal to give the instruction was not error because "neither this Court nor the Legislature has adopted the buyer-seller rule." We have never refused to adopt the rule, because this is an issue of first impression. In issuing a memorandum decision, we are simply kicking the can down the road. Accordingly, I respectfully dissent. I am authorized to state that Justice Hutchison joins in this dissenting opinion.